NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                          :
**PCS WIRELESS, LLC,**                     :
                                          :        **Civil No. 13-4348 (KM)**
          **Plaintiff,**                   :
                                          :
**v.**                                     :        **OPINION**
                                          :
**PORTABLES UNLIMITED, et al.,**           :
                                          :
          **Defendants.**                  :
_____:

## I.  INTRODUCTION

This matter comes before the Court on the motion of Defendant Portables Unlimited ("Portables") to transfer the proceedings to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). For the reasons set forth herein, Portables' motion is denied.

## II.  BACKGROUND

On June 7, 2013, Plaintiff PCS Wireless LLC ("PCS"), a New Jersey company, filed its Complaint in New Jersey Superior Court against Portables, a New York company, and certain fictitious entities. See Compl., ECF No. 1. PCS alleges that it sold $164,413.00 of "telecommunications products" to Portables for which Portables has not rendered payment. Id. ¶¶ 2-5. Portables removed the case to the United States District Court for the District of New Jersey on July 17, 2013. See Notice of Removal, ECF No. 1. On July 31, 2013, Portables, without objecting to this Court's jurisdiction, filed its Answer, which also contained counterclaims relating to both the transaction referenced in PCS's Complaint and additional

agreements between the parties.  See Answer, Affirmative Defenses, and Counterclaims, ECF No. 4 ¶¶ 8-43.

On August 12, 2013, Portables filed the instant motion to transfer venue pursuant to 28 U.S.C. § 1404(a).  See ECF No. 7.  At the parties' consent, the Court adjourned the instant motion's return date to October 7, 2013.  See Order, ECF No. 12.  On September 23, 2013, PCS filed its opposition brief.  See ECF No. 13.

### III.    DISCUSSION

Section 1404(a) of Title 28 of the United States Code permits a district court "[f]or the convenience of parties and witnesses, [and] in the interest of justice" to transfer an action to another district "where it might have been brought."  Abrams v. Gen. Nutrition Cos., Inc., 2006 WL 2739642, at *8 (D.N.J. Sept. 26, 2006) (citing 28 U.S.C. § 1404(a)).  "An action might have been brought in another district if:  (1) venue is proper in the [other] district, and (2) the [other] district can exercise [personal] jurisdiction over all the parties."  Id. (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970)).  Thus, "[t]he first step in a court's analysis of a transfer motion is to determine whether [personal jurisdiction and] venue would be proper in the transferee district."  Marino v. Kent Line Int'l, 2002 WL 31618496, at *2 (E.D.Pa. Nov. 20, 2002) (citing Pro Spice, Inc. v. Omni Trade Group, Inc., 173 F. Supp. 2d 336, 339 (E.D.Pa. 2001)).  The movant bears the burden of demonstrating that transfer is warranted.  Id.

If the first prong of the inquiry is satisfied, the Court must then weigh a series of private and public factors to determine whether transfer is appropriate.  See Marino, 2002 WL 31618496 at *2 (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)).  Section 1404(a) provides three factors for consideration:  (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice.  28 U.S.C. § 1404(a).  In Jumara, the Court of

Appeals for the Third Circuit noted that "there is no definitive formula or list of the factors" that a court must examine, and it identified private and public interest factors to be considered to determine if a case would more conveniently proceed in another venue. See Jumara, 55 F.3d at 879. The "private interests" factors include: (1) plaintiff's choice of forum; (2) defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records. See Wallace v. Mercantile Cnty. Bank, 2006 WL 3302490, at *3 (E.D.Pa. Nov. 9, 2006) (citing Jumara, 55 F.3d at 879). The "public interests" factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty arising from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable law. Id.; see also Jumara, 55 F.3d at 879-80. The party seeking transfer should support its motion with affidavits and other documentation establishing that the interests of justice and convenience of the parties would best be served by a transfer. Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756-57 (3d Cir. 1973).

**A. Whether this Action Could Have Been Filed in the Southern District of New York**

As a threshold matter, the Court must first determine whether this case could have been brought in the Southern District of New York. In doing so, the Court must first determine if the Southern District of New York has personal jurisdiction over Portables. As Portables is located in the Southern District of New York, the Southern District of New York has personal jurisdiction over Portables.

Next, the Court must determine if the Southern District of New York would be an appropriate venue. Venue in actions based upon diversity jurisdiction is appropriate in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State,

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Again, as Portables resides within the Southern District of New York, the proposed transferee district is an appropriate venue.

## B. Public & Private Interest Factors

The Court must next evaluate whether the transfer is in the interest of justice and "must consider both the private and public interests effected by the transfer." Jumara, 55 F.3d at 879.

### 1. Plaintiff's Preference

Ordinarily, a plaintiff's choice of forum is a "paramount consideration" and should not be "lightly disturbed." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (internal quotation marks omitted). Indeed, "a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of the public and private interests clearly favors an alternate forum." Windt v. Qwest Commc'ns Int'l, Inc., 529 F.3d 183, 190 (3d Cir. 2008).

PCS's principal place of business is in New Jersey. Compl., ECF No. 1 ¶ 1. PCS's sole member is Chaim Nash, who is also a New Jersey resident. See July 31, 2013 letter, ECF No. 5. Therefore, this factor, which is of "paramount consideration," disfavors transfer.

### 2. Defendant's Preference

As Portables seeks to transfer this action to the Southern District of New York, this factor favors transfer.

4

### 3. Where the Claims Arose

Portables, without providing any legal citation, asserts that both its counterclaims and PCS's claims arose in New York. See Def. Br., ECF No. 7-6, at 4. In response, PCS cites to Stalwart Capital, LLC v. Warren Street Partners, LLC for the proposition that actions for the nonpayment of monies due under a contract arise in the location from which the monies were to be paid. Civ. No. 11-5249, 2012 U.S. Dist. LEXIS 59872, at *4 (D.N.J. Apr. 30, 2012). Therefore, because both parties assert that the other party failed to make payments due under certain contracts, the claims at issue arise both in New York and New Jersey.

Portables also argues (again without providing any legal citation) that because the value of Portables' counterclaims is larger than PCS's claims, the "primary claims" in this case arise in New York. See Def. Br., ECF No. 7-6, at 4. Specifically, Portables' counterclaim for unearned commissions is $235,000, while PCS seeks $164,413 for breach of contract. Compare Complaint, ECF No. 1 with Answer, Affirmative Defenses, and Counterclaims, ECF No. 4. Therefore, as PCS correctly notes in its opposition brief, the alleged larger non-payment occurred in New Jersey when PCS allegedly failed to remit $235,000 in commission payments to Portables.

Additionally, Portables has also brought a counterclaim for fraud against PCS. See Answer, Affirmative Defenses, and Counterclaims, ECF No. 4 ¶¶ 14-27. Portables alleges that PCS "modified the internal housing of the Phones in order to induce Defendant into purchasing the Phones." Answer, Affirmative Defenses, and Counterclaims, ECF No. 4 ¶ 20. Any such modification would likely have occurred at PCS's office in New Jersey. See Affidavit of Abraham Pasternak in Opposition to Defendant's Motion to Transfer Venue, ECF No. 13-1 ¶ 7. Because the locus of alleged culpable conduct relating to the fraud claim occurred in New Jersey,

this factor disfavors transfer.  See Telebrands Corp. v.  martFIVE, LLC, Civ. No. 13-3374, 2013 WL 4675558, at *8 (D.N.J. Aug. 30, 2013); SalandStacy Corp. v. Freeney, Civ. No. 11-3439, 2012 WL 5451522, at *4 (D.N.J. Nov. 5, 2012).

### 4.      Convenience of the Parties & Witnesses

Portables asserts that certain material party witnesses are located in New York.  See Def. Br., ECF No. 7-6, at 4.  The Court assigns little weight to this assertion for three reasons.  First, Defendants do not actually identify any witnesses located in New York.  Second, the Court's primary concern in balancing this factor is the convenience of non-party witnesses.  See In re Consolidated Parlodel Litig., 22 F. Supp. 2d 320, 324 (D.N.J. 1998).  Third, Portables offers no explanation as to why the Southern District of New York would be more convenient to these unnamed witnesses than the District of New Jersey.  On numerous occasions, judges in this district have taken judicial notice of the close proximity between this Court and its sister courts in the Southern and Eastern Districts of New York when analyzing the relative convenience of each forum.  See, e.g., Market Transition Facility of N.J. v. Twena, 941 F. Supp. 462, 467-68 (D.N.J. 1996).

Similarly, Portables fails to offer any explanation as to why the Southern District of New York would be more convenient to the parties.  "A court will not grant a transfer simply because the transferee court is more convenient for the defendants.... If the transfer would merely switch the inconvenience from defendant to plaintiff, the transfer should not be allowed."  Id. at 467 (quoting Ballard Med. Prods. v. Concord Labs., Inc., 700 F. Supp. 796, 801 (D.Del. 1988)).

Therefore, these factors do not favor transfer.

**5.      Location of Books and Records**

The location of books and records is a neutral factor as there is no indication that records could not be produced in either district.  See <u>Mercedes-Benz USA, LLC v. ATX Group, Inc.</u>, 2009 WL 2255727, at *4 (D.N.J. July 27, 2009) ("The location of the disputed records is also neutral since there is nothing to suggest that the records, which are admittedly in electronic form, cannot be easily transmitted.").

**6.      Enforceability of Judgment and Administrative Difficulty**

These factors favor neither forum.

**7.      Practical Considerations, Local Interest, and Public Policies**

Both fora have an interest in resolving a dispute involving a resident business.  Therefore, these factors are neutral.

**8.      Familiarity with Applicable Law**

Judges in this district are well-versed in New York contract law and routinely analyze issues of New York law in similar cases.  Therefore, this factor is neutral.

**9.      Balance of Conveniences**

Based upon the record, Portables has failed to meet its burden of persuasion and overcome the strong presumption accorded to PCS's choice of its home forum for the resolution of this dispute.

**IV.    CONCLUSION**

For the reasons set forth above, Portables' motion to transfer this action to the Southern District of New York is denied.  An appropriate form of Order will issue.

<u>s/ Michael A. Hammer</u>
**UNITED STATES MAGISTRATE JUDGE**

Dated:          October 28, 2013